## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

CIVIL ACTION NO. 3:11-CV-00164-JHM

CHARLES H. ZIMMERMAN, JR.                                  PLAINTIFF

V.

CITIMORTGAGE, INC., et. al.                                  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Lerner, Sampson & Rothfuss' ("LSR") Motion

to Dismiss [DN 10] and Defendant CitiMortgage, Inc.'s Motion to Dismiss [DN 12]. Defendant

LSR's Motion has been fully briefed, however, Plaintiff has failed to respond to Defendant

CitiMortgage's Motion. These matters are now ripe for decision.

### I. BACKGROUND

On March 18, 1996, Plaintiff Charles H. Zimmerman, Jr.'s predecessor in interest, Charles

H. Zimmerman, Jr. PLC, filed a judgment lien against a Walter T. Cosby, which lien is recorded in

Book 453, page 248, of the Jefferson County Clerk. (Def. LSR's Mot. to Dismiss [DN 10], Ex. B.,

Judgment Lien.) On April 30, 2008, Defendant LSR filed a foreclosure action on behalf of its client,

Residential Funding Company, LLC c/o Homecomings Financial Network, Inc. ("Residential

Funding"), against Angela R. Cosby and Walter T. Cosby in Jefferson Circuit Court. (Id., Ex. A,

Residential Funding Foreclosure Complaint.) Defendant LSR named Charles H. Zimmerman, Jr.

as a defendant in that action, asserting that he "may claim an interest in the above described property

by virtue of a judgment lien filed against Walter T. Cosby, . . ., which lien is believed to be paid off,

however, not released of record." (Id. at ¶ 9.) A warning order attorney was appointed to notify

Plaintiff of the action, but Plaintiff did not respond, and a final judgment and order of sale was

entered disposing of the foreclosed property.  (See id., Ex. E and F.)

On May 19, 2009, Defendant LSR filed another foreclosure action against Angela R. Cosby and Walter T. Cosby in Jefferson Circuit Court.  (See Compl. ¶ 1; see also Def. LSR's Mot. to Dismiss, Ex. G, CitiMortgage Foreclosure Complaint.)  However, this action was filed on behalf of Defendant CitiMortgage, Inc. Defendant LSR again named Plaintiff as a defendant in the foreclosure action, asserting that he "may claim an interest in the above described property by virtue of a judgment lien filed against Walter T. Cosby, . . ., which lien is believed to be paid off, however, not released of record."  (Def. LSR's Mot. to Dismiss, Ex. G at ¶ 11.)  Plaintiff responded to the CitiMortgage foreclosure action asserting that he did indeed have an interest in the property, but that the interest had not been paid off.  (Compl. ¶ 13.)

On December 22, 2009, Plaintiff received a motion for summary judgment in the foreclosure action filed by Defendant LSR.  (Compl. ¶ 15.)  This motion acknowledged that Plaintiff had an outstanding interest in the property at issue, but argued that the interest was junior in priority to Defendant CitiMortgage's interest.  (Compl. ¶ 16.)  Plaintiff alleges that at approximately the same time, Defendant CitiMortgage became aware that Plaintiff's judgment lien was not against the same Walter T. Cosby that was subject to the foreclosure action.  (Compl. ¶ 17.)  Plaintiff responded to the motion for summary judgment and argued that his interest was not junior in priority.  The matter was set for a hearing, and thereafter, Defendants' agreed to dismiss Plaintiff from the foreclosure action through an Agreed Order of Dismissal which was filed on February 26, 2010.  (Compl. ¶ 18.)  Following the entry of dismissal, Plaintiff received notice from Defendant TransUnion, LLC, that Defendant LSR had requested and obtained information from his consumer credit report maintained by Defendant TransUnion in May 2008.

Plaintiff has now filed the instant action alleging negligence, wrongful use of civil proceedings, violations of the Fair Credit Reporting Act ("FCRA"), and invasion of privacy. Defendants LSR and CitiMortgage have filed separate motions seeking to dismiss all claims against them.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," <u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" <u>id.</u>, and determine whether the "complaint states a plausible claim for relief[,]" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." <u>Id.</u> at 1949, 1950. Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" <u>Id.</u> at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court

reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds*, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). However, "in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute." Passa v. City of Columbus, 123 F. App'x 694, 697 (6th Cir. 2005).

### III. DISCUSSION

**A. Defendant LSR's Motion to Dismiss**

As an initial matter, Defendant LSR argues that it is entitled to "absolute immunity" regarding all claims predicated upon LSR's representation of its clients. (See Def. LSR's Mot. to Dismiss 13.) Defendant LSR contends that it is cloaked in "absolute immunity" because it was representing its clients and, therefore, "'functionally serv[ing] as integral parts of the judicial process.'" (Id. at 14 (quoting Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432, 447 (6th Cir. 2006)).)

Defendant LSR's expansive interpretation of this doctrine would result in absolute immunity for nearly every action undertaken by an attorney in the course of litigation. Defendant LSR has not demonstrated that such an interpretation is appropriate. Furthermore, Defendant LSR's position is

wholly contradicted by a body of case law adjudicating wrongful use of civil proceedings claims against attorneys. See Gorman v. Stites & Harbison, PLLC, 2011 WL 1598746, at *8 (Ky. Ct. App. April 29, 2011) (Moore, J., concurring in part and dissenting in part) ("[A] suit for wrongful use of civil proceedings can be successful against an attorney prosecuting an action[.]"); Raine v. Drasin, 621 S.W.2d 895 (Ky. 1981) (affirming jury award in malicious prosecution claim against attorney for his actions in filing and pursuing a frivolous lawsuit); Prewitt v. Sexton, 777 S.W.2d 891 (Ky. 1989) (wrongful use of civil proceedings claim against attorney for his actions in the representation of his client); Mapother and Mapother v. Douglas, 750 S.W.2d 430 (Ky. 1988) (same); Feinberg v. Townsend, 107 S.W.3d 910 (Ky. Ct. App. 2003) (same). The Court is unpersuaded that Defendant LSR is entitled to absolute immunity.

### 1. Negligence and Wrongful Use of Civil Proceedings

Plaintiff's first claim is one for negligence associated with the filing of the CitiMortgage foreclosure action. Kentucky law does not recognize a claim for common law negligence in connection with the institution and maintenance of a lawsuit. See Mapother, 750 S.W.2d at 431 ("This court and the Court of Appeals have held that the ordinary elements of negligence do not apply in cases involving suits by opposing litigants or non-parties against the attorney in that suit."). Therefore, Plaintiff's negligence claim is **DISMISSED**.

The proper form of an action of this nature, is through a claim for wrongful use of civil proceedings.[1] Id. Under Kentucky law, a claim for wrongful use of civil proceedings requires a

---

[1] Although sometimes referred to as a claim for malicious prosecution, the Kentucky Supreme Court has found that a claim of this nature "is improperly designated as a claim for 'malicious prosecution.' . . . Properly designated, this tort is the 'wrongful use of civil proceedings[.]" Prewitt v. Sexton, 777 S.W.2d 891, 893 (Ky. 1989).

plaintiff to demonstrate six elements: (1) the institution or continuation of original judicial proceedings, either civil or criminal, or of administrative or disciplinary proceedings, (2) by, or at the instance, of the plaintiff, (3) the termination of such proceedings in defendant's favor, (4) malice in the institution of such proceeding, (5) want or lack of probable cause for the proceeding, and (6) the suffering of damage as a result of the proceeding.  Raine, 621 S.W.2d at 899.

Defendant LSR contends that Plaintiff's wrongful use of civil proceedings claim must be dismissed because Plaintiff cannot demonstrate a lack of probable cause.  Kentucky has adopted the Restatement (Second) of Torts §§ 674-76 (1977), which addresses the wrongful use of civil proceedings.  See Mapother, 750 S.W.2d at 431.  Section 675 discusses the existence of probable cause and states in pertinent part that:

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either
> (a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or
> (b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information.

Restatement (Second) of Torts § 675 (1977).

Defendant LSR argues that it had reasonable suspicion to initiate the foreclosure action naming Plaintiff as a defendant due to the existence of the judgment lien in the name of Plaintiff's former law practice, against a Walter T. Cosby.  Defendant LSR further argues that Plaintiff even answered the complaint and asserted his interest in the property due to the existence of his lien.  Defendant LSR contends that if Plaintiff believed that he had an interest in the property, then it was not unreasonable for Defendant LSR to believe the same.

However, Plaintiff's Complaint alleges that at some point after the initiation of the

6

foreclosure action, Defendant LSR learned that Plaintiff's lien was not against the same Walter T. Cosby involved in the foreclosure action. (See Compl. ¶¶ 16-17.) Plaintiff's lien was against Walter T. Cosby, Sr., whereas the foreclosure action involved a mortgage signed by Walter T. Cosby, Jr. It is not quite clear when LSR learned that the Plaintiff's lien did not attach to the subject property. However, drawing all inferences in favor of the Plaintiff, the allegations support the contention that LSR continued the civil proceedings against the Plaintiff by filing a motion for summary judgment that requested that Plaintiff's lien be adjudged to be an interest junior in priority to the mortgage at issue even though LSR knew he had no interest. (Id.) Thus, even if Defendant LSR had sufficient probable cause to initiate the proceedings naming Plaintiff as a defendant, Plaintiff has sufficiently alleged that Defendant LSR learned of its mistake and, therefore, lacked probable cause to continue those proceedings, but did so nonetheless.

Defendant LSR further argues that Plaintiff has alleged no facts to indicate that Defendant LSR acted with malice. "What is often loosely labeled proof of 'malice' is more specifically defined in the *Restatement* as bringing the prior lawsuit 'primarily for a purpose other than that of securing the proper adjudication of the claim.'" Prewitt, 777 S.W.2d at 894 (quoting Restatement (Second) of Torts § 676). As discussed above, Plaintiff has alleged that Defendant LSR continued to assert that Plaintiff was a necessary and proper party with a junior lien against certain real estate, when it knew the facts to be otherwise. If this allegation is true, as the Court must assume it is, then it supports a claim that Defendant LSR was acting for some purpose other than the *proper* adjudication of its client's claims. See Mengedoht v. Nationwide Ins. Co., 2006 WL 3715908, at *3 (W.D. Ky. Dec. 12, 2006) (finding the proper purpose element satisfied because the defendant law firm's "alleged failure to investigate coupled with its misspelling of Chris and Curtis' last name could show

that [the law firm] was mainly interested in securing and collecting a judgment rather than securing and collecting a judgment against the *proper* party.") (emphasis added).

Defendant LSR lastly argues that Plaintiff has failed to allege, and cannot allege, that the prior proceeding was terminated in his favor because Plaintiff's dismissal from the action was procured through an agreed order of dismissal. Defendant LSR cites <u>Feinberg v. Townsend</u>, and claims that "Kentucky courts have held that when the prior action is settled by agreement, the claimant may not, 'thereafter assert that the proceedings have terminated in his favor.'" (Def. LSR's Mot. to Dismiss 9 (quoting <u>Feinberg</u>, 107 S.W.3d at 912).) A proper reading of <u>Feinberg</u> reveals that the Kentucky Court of Appeals was careful to acknowledge the difference between a settlement, and an agreed order of dismissal, citing specifically to the Kentucky Supreme Court's decision in <u>Raine v. Drasin</u>. The Kentucky Court of Appeals distinguished <u>Raine</u> from its own decision and found that "<u>Raine</u> did not involve a settlement but a voluntary dismissal of the action, accomplished by an agreed order." <u>Feinberg</u>, 107 S.W.3d at 912. In <u>Raine</u>, the Kentucky Supreme Court found that the agreed order "did not entail any compromise or settlement; it simply and effectively terminated the lawsuit as far as the defendant doctors were concerned." <u>See</u> <u>Raine</u>, 621 S.W.2d at 899-900. Therefore, the Kentucky Supreme Court found that the agreed order of dismissal constituted a favorable termination, sufficient to support a wrongful use of civil proceedings action. <u>Id.</u> at 900. The results in <u>Raine</u> and <u>Feinberg</u> demonstrate that an agreed order of dismissal can satisfy the favorable termination element of a wrongful use of civil proceedings claim. This Court finds that the Agreed Order of Dismissal in the instant case does just that. Through the foreclosure action and subsequent motions, Defendant LSR sought, unsuccessfully, to subjugate Plaintiff's interest, and thereafter dismissed Plaintiff from the foreclosure action. The Agreed Order of

8

Dismissal states in pertinent part:

> Plaintiff CitiMorgage, Inc. and Defendant Charles Zimmerman, having agreed that the judgment lien filed against Walter T. Cosby on March 18, 1996 in Deed Book 453 at Page 248 in the office of the Jefferson County Court Clerk does not attach to the real property at issue and that there is no basis to the allegation that said lien has been "paid off," and [sic] and the Court being otherwise duly and sufficiently advised, IT IS HEREBY ORDERED that the Plaintiff's claims again Zimmerman be, and they are hereby, dismissed with prejudice.

(Def. LSR's Mot. to Dismiss, Ex. K, Agreed Order of Dismissal.)  This agreed order of dismissal is similar to the one described in Raine, in that it contains no language evidencing a compromise or settlement.  Furthermore, there are no allegations that Plaintiff "bought his peace" as was discussed in Feinberg.  The order simply and effectively terminated the lawsuit as far as Plaintiff was concerned.  Under these circumstances, the Court finds that Plaintiff's Complaint sufficiently alleges that the prior proceeding was terminated in his favor.

Accordingly, the Court finds that Plaintiff has sufficiently alleged a claim for wrongful use of civil proceedings against Defendant LSR.  Therefore, Defendant LSR's motion to dismiss this claim is **DENIED**.

### 2. Fair Credit Reporting Act Violation

Plaintiff has also filed a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x,  for Defendant LSR's request and receipt of information from Plaintiff's consumer credit report maintained by Defendant TransUnion.  Plaintiff's allegations in support of this claim state in pertinent part:

> The conduct of Lerner, Sampson & Rothfuss in requesting and obtaining information from the report maintained on the individual Zimmerman by Transunion for consumer purposes is a violation of the Fair Credit Report Act, 15 U.S.C. 1681, *et seq.*
> As a result of the violations of the FCRA by the Defendants Transunion and Lerner, Sampson & Rothfuss, Zimmerman has been damaged and is entitled under

the statute to damages, punitive damages, and attorneys fees as provided by statute.

(Compl. ¶¶ 30-31.)

Defendant LSR cites <u>Iqbal</u> and argues that Plaintiff's FCRA claim is so conclusory that it "offer[s] no detail, insight or explanation" as to how LSR's actions violated the FCRA. (Def. LSR's Mot. to Dismiss 11.)  The Court agrees with Defendant LSR on this point.  Under the FCRA, there are two civil enforcement mechanisms § 1681n and § 1681o. Section 1681n permits civil suits for willful noncompliance "with any requirement imposed under this subchapter[,]" 15 U.S.C. § 1681n, whereas Section 1681o permits civil suits for negligent non-compliance, 15 U.S.C. § 1681o.

Plaintiff has given no indication of whether he is pursuing a willful violation or a negligent violation theory.  Even more importantly, Plaintiff has given no indication of which FCRA requirement he believes Defendant LSR violated.  A complaint falls short if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct."  <u>Iqbal</u>, 129 S. Ct. at 1949, 1950.  The allegations must "'show[ ] that the pleader is entitled to relief.'"  <u>Id.</u> at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  Plaintiff's current allegations do not satisfy this standard, and the Complaint is insufficient to place Defendant LSR on notice of what claim is actually being made against it.  Therefore, Plaintiff's FCRA claim against LSR shall be **DISMISSED**.

### 3. Invasion of Privacy

Kentucky recognizes four separate theories for an invasion of privacy: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life; and (4) publicity that unreasonably places the other in a false light before the public.  See <u>McCall v. Courier-Journal and Louisville Times Co.</u>, 623 S.W.2d 882, 888 (Ky. 1991) (adopting Restatement (Second) of Torts § 652A (1976)).  To

prevail on a claim for intrusion upon seclusion, a plaintiff must demonstrate (1) an intentional intrusion by the defendant, (2) into a matter the plaintiff has a right to keep private, (3) which is highly offensive to a reasonable person. <u>Smith v. Bob Smith Chevrolet, Inc.</u>, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003) (citing Restatement (Second) of Torts § 652B (1976)).

Defendant LSR contends that Plaintiff's invasion of privacy claim must be dismissed because its acquisition of Plaintiff's address using an ID Report from Defendant TransUnion cannot be considered highly offensive to a reasonable person. This argument is dependant on the Court's consideration of the ID Report and is more appropriate for summary judgment. While the Court may consider a document that is referred to in the Complaint, it may only do so when presented with the authenticated document. The Court notes that the ID Report is not specifically referred to in the Complaint and that Defendant LSR has not authenticated the document it has produced. Furthermore, "in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute." <u>Passa</u>, 123 F. App'x at 697. Plaintiff contends that more information was accessed than just Plaintiff's address. As such, Defendant LSR's production and argument that it only accessed the information contained on this single document is subject to reasonable dispute. Therefore, the Court will not take judicial notice of the document.

As Defendant LSR's motion to dismiss the invasion of privacy claim is dependant on the Court's acceptance of the ID Report, the Court finds that its argument is not well taken at this stage of the litigation. Accordingly, Defendant LSR's motion to dismiss the invasion of privacy claim is **DENIED**.

### 4. Punitive Damages

11

Defendant LSR has also moved to dismiss Plaintiff's request for punitive damages. Defendant LSR cites K.R.S. § 411.184(2), which states in pertinent part: "A plaintiff shall recover punitive damages only upon proving, by clear and convincing evidence, that the defendant from whom such damages are sought acted toward the plaintiff with oppression, fraud or malice." Defendant LSR argues that obtaining addresses from an ID Report does not demonstrate oppression, fraud or malice.  Defendant LSR again attempts to put the cart before the horse and turn this motion into one for summary judgment.  No discovery has been taken, and the true extent of Defendant LSR's alleged invasion of Plaintiff's privacy has yet to be determined.  Accordingly, the Court **DENIES** Defendant LSR's motion to dismiss the request for punitive damages.

## B. Defendant CitiMortgage

Defendant CitiMortgage has also moved to dismiss Plaintiff's claims.   Defendant CitiMortgage filed its Motion to Dismiss on March 25, 2011.  Plaintiff's response was due on April 18, 2011.  Plaintiff requested an extension of time to file responses to both Defendants' motions to dismiss and was granted an extension until May 2, 2011.  (See Order [DN 18].)  On May 3, 2011, Plaintiff filed his response to Defendant LSR's motion to dismiss.  In his response to Defendant LSR's motion, Plaintiff states that "[t]his memorandum addresses the arguments raised by Lerner Sampson & Rothfuss.  Another memorandum which is being filed concurrently addresses the arguments of Citimortgage."  (Pl.'s Resp. to Def. LSR's Mot. to Dismiss 2 [DN 17].)  However, Plaintiff never filed such a memorandum.

The Sixth Circuit has held that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."  Scott v. Tenn., 878 F.2d 382, at *2 (6th Cir. 1989) (table decision).  In Humphrey v. U.S.

12

Attorney General's Office, the Sixth Circuit cited Scott with approval in discussing the waiver principle, and affirmed the district court's dismissal of the plaintiff's complaint where the plaintiff failed to oppose the defendant's motion to dismiss.  279 F. App'x 328, 331 (6th Cir. 2008).

In the instant case, Plaintiff requested an extension of time to respond, and then represented that he was filing a response, but ultimately failed to do so.  Under these circumstances, the Court finds that Defendant CitiMortgage's arguments are not controverted, and that Humphrey and Scott establish that dismissal of the Plaintiff's claims is appropriate.  Notwithstanding, the Court also finds that Plaintiff's claims against Defendant CitiMortgage fail on their merits.

As discussed above, Kentucky law does not recognize a claim for negligence in the institution and maintenance of a lawsuit.  Mapother, 750 S.W.2d at 431.  Therefore, Plaintiff's negligence claim is **DISMISSED**.

As for the wrongful use of civil proceedings, the Court finds that Plaintiff has failed to allege facts that demonstrate Defendant CitiMortgage lacked probable cause.  In Mengedoht v. Nationwide Insurance Co., the Court analyzed the probable cause element in a wrongful use of civil proceedings claim and found the plaintiff's complaint adequately pled that the defendant law firm lacked probable cause.  2006 WL 3715908, at *3 (W.D. Ky. Dec. 12, 2006).  However, as applied to the client, the Court stated that "[n]othing in [the] complaint shows that [the client's] actions were not based upon its good faith reliance on [the law firm's] advice after disclosing all relevant facts within its knowledge."  Id.  The Court found that the complaint failed to plead facts demonstrating the client's lack of probable cause and dismissed the claim as to the defendant client.  Id.  The instant case, is similar.  Nowhere in the Complaint has Plaintiff alleged any facts that Defendant CitiMortgage's actions were not based upon its good faith reliance on Defendant LSR's advice after

13

disclosing all relevant facts within its knowledge.  Therefore, Plaintiff's wrongful use of civil proceedings claim is **DISMISSED** as to Defendant CitiMortgage.

The Court has already found that Plaintiff failed to sufficiently allege a claim for relief under the FCRA.  Accordingly, Plaintiff's FCRA claim against Defendant CitiMortgage is **DISMISSED**.

Defendant CitiMortgage is only included in Plaintiff's invasion of privacy claim under a respondeat superior theory.  Defendant CitiMortgage contends that Plaintiff's invasion of privacy claim fails because Plaintiff has not pled that the request for the information from TransUnion by Defendant LSR was an action done within the scope of Defendant LSR's employment as the agent of Defendant CitiMortgage.  Looking to the allegations contained in the Complaint, the Court agrees.  Therefore, the invasion of privacy claim against Defendant CitiMortgage is **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Lerner, Sampson & Rothfuss' ("LSR") Motion to Dismiss [DN 10] is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** as to Plaintiff Charles H. Zimmerman, Jr.'s negligence and Fair Credit Reporting Act claims, and it is **DENIED** as to Plaintiff's wrongful use of civil proceedings, invasion of privacy claims, and punitive damages request.

**IT IS FURTHER ORDERED** that Defendant CitiMortgage, Inc.'s Motion to Dismiss [DN 12] is **GRANTED** as to all claims.

cc: counsel of record