**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:11-CV-00164-JHM-DW**

**CHARLES H. ZIMMERMAN, JR.**                                                                                   **PLAINTIFF**

**V.**

**CITIMORTGAGE, INC., et al.**                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Charles H. Zimmerman, Jr.'s Motion to Remand Pendent State Claims to State Court [DN 45]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's motion to remand is **DENIED**.

### I. BACKGROUND

On March 16, 2011, Plaintiff filed suit in the Jefferson Circuit Court in Louisville, Kentucky. The civil action asserted various claims against CitiMortgage, Inc., Trans Union, LLC, and the law firm of Lerner, Sampson & Rothfuss ("LSR"). Because some of these claims were federal in nature, Trans Union removed the case to federal court, with the consent of all the other defendants.

Defendants LSR and CitiMortgage, Inc. each filed motions to dismiss Plaintiff's complaint on March 22, 2011 and March 25, 2011, respectively. On May 3, 2011, Plaintiff filed a response to LSR's motion to dismiss. On June 3, 2011, LSR filed a reply. On March 29, 2012, this Court entered an order dismissing Plaintiff's negligence claim against LSR, as well as his claim based on the Fair Credit Reporting Act.[1] Plaintiff's only remaining claims against LSR are invasion of privacy and wrongful use of civil proceedings. Plaintiff has moved to remand these claims to state court.

---

[1] In this order, the Court also dismissed Plaintiff's claims against CitiMortgage, Inc., in full. Subsequently, Plaintiff and Defendant Trans Union, LLC entered into a stipulation of dismissal. Thus, the only parties remaining to this action are Plaintiff and LSR.

## II. LAW

As a general rule, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); accord Brooks v. Rothe, 577 F.3d 701, 709 (6th Cir. 2009). However, dismissal of the state claims is not mandatory. Taylor v. First of Am. Bank-Wayne, 973 F.2d 1284 (6th Cir. 1992). Instead, courts must consider "comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendent state law claims, as well as the avoidance of unnecessarily deciding state law." Fossyl v. Milligan, 317 Fed. App'x 467, 473 (6th Cir. 2009) (citing Pinney Dock & Transp. Co. v. Penn. Cent. Corp., 196 F.3d 617, 620–21 (6th Cir. 1999)). Additionally, it is relevant to determine whether the district court "[i]s familiar with the facts of the case and already ha[s] invested significant time in the litigation." Harper v. AutoAlliance Intern., Inc., 392 F.3d 195, 211 (6th Cir. 2004). In removed cases, if these factors weigh against exercising jurisdiction, the matter should be remanded to state court. See Lindle v. Fifth-Third Bank, 2009 WL 4042927, at *1 (W.D. Ky. Nov. 20, 2009); Gaff v. Fed. Deposit Ins. Corp., 814 F.2d 311, 319 (6th Cir. 1987).

## III. DISCUSSION

Plaintiff argues that the Court should remand the case, highlighting the fact that no discovery has been undertaken. According to Plaintiff, further litigation of his claims will require a court to interpret and apply Kentucky law, and state courts are in a better position to do so. Defendant LSR counters that the Court should not remand the case, highlighting that it has been pending before this Court for almost two years. According to Defendant, this Court is familiar with the facts of this case, numerous hearings have been held, dispositive motions have been decided, and it has exchanged its Rule 26 disclosures, all weighing in favor of the Court's exercise of supplemental jurisdiction.

The Court agrees with Defendant. In cases that have only recently been removed, the balance

of judicial economy, convenience, fairness, and comity clearly point toward declining supplemental jurisdiction. See Crutcher v. Gen. Elec. Co., 2011 WL 1527760 (W.D. Ky. Apr. 19, 2001); Prince v. Ky. High Sch. Athletic Ass'n, 2009 WL 126597 (W.D. Ky. Jan. 16, 2009). However, in cases where a considerable amount of time and effort has already been expended, cases have held that "judicial economy weighs in favor of retaining jurisdiction over the [] remaining state law claim[s]." Hall v. Furest, 2007 WL 2159373, at *4 (E.D. Mich. July 24, 2007).

In the present case, this Court has already invested significant time and effort in the litigation. On June 20, 2012, the Court held a Rule 16 scheduling conference. On July 30, 2012, the Court held a status conference and scheduled another status conference for November 14, 2012 so the parties would have time to engage in discovery. The Court then held status conferences on December 12, 2012; December 17, 2012; and December 21, 2012. Additionally, the Court has issued several orders and has addressed the merits of this action by answering a dispositive motion to dismiss. Because of this time and effort, the Court believes that both judicial economy and fairness weigh in favor of retaining jurisdiction. Remanding the claims would do nothing more than result in further delay, as the Jefferson Circuit Court would be required to familiarize itself with a case that has been pending for nearly two years. Such delay is unfair to Defendant LSR. For these reasons, the Court will retain jurisdiction over Plaintiff's claims of invasion of privacy and wrongful use of civil proceedings.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff Charles H. Zimmerman, Jr.'s Motion to Remand Pendent State Claims to State Court [DN 45] is **DENIED**.

cc: counsel of record
Charles H. Zimmerman, Jr., *pro se*

**Joseph H. McKinley, Jr., Chief Judge**
**United States Distr** February 13, 2013